CHERRY, sheriff, *vs.* THE PLANTERS' WAREHOUSE COM-
PANY *et al.*

A sheriff brought suit against a warehouse company and J., alleging
that he was proceeding to sell property of the company under a
mortgage *fi. fa.*; that J. bid it off, and was in the act of paying over
the money, when he was served with a temporary injunction, pre-
venting the paying over of the money and the execution of the
deed; that the injunction was subsequently made perpetual; that
the decree was so made without any charge of default on his part
but for alleged misconduct of said J. at the sale; and that he was
thereby prevented from receiving his commissions, for which he
brought this suit. By amendment, it was alleged that J. and others
held the *fi. fa.* as assignees; that J. was one of the largest stock-
holders in the company, and had appeared at the sale and forbidden
it, thereby causing the property to bring less than its value; that at
the instance of certain interested parties, and by the consent of J.,
a decree was rendered setting aside the sale and enjoining its con-
summation.
*Held,* that a demurrer to the declaration was properly sustained.

Sheriff.   Actions.   Costs.   Before Judge SIMMONS.
Bibb Superior Court.   April Term, 1880.

Reported in the head-note and decision.

W. DESSAU; R. K. HINES, for plaintiff in error.

WHITTLE & WHITTLE, for defendants.

CRAWFORD, Justice.

George F. Cherry, sheriff of Bibb county, brought suit
against the defendants in error to recover $241.00, as so
much money due him on the sale of the Planters' Ware-
house, under and by virtue of a mortgage *fi. fa.* in favor
of Duncan, Sherman & Co. against the said Planters'
Warehouse Company.

He alleged that he exposed the said property to sale

that it was knocked down to Hardin T. Johnson, who was in the act of paying him over the money therefor, when he was served with an order from, the superior court enjoining him from executing to Johnson a deed, or receiving the money for the sale of the property; that afterwards the said injunction was made perpetual; that the decree in the said cause was so made without any charge of default against him, but was on account of the alleged misconduct of the said Johnson at the said sale, and by which he was prevented from receiving $237.50, which was the amount of his commissions on the sale.

This declaration was amended by alleging that Johnson was one of those to whom the said *fi. fa.* had been assigned; that he was one of the largest stockholders in the said company; that he appeared at the sale and forbade the same because it was illegal and unauthorized, thereby preventing the property from bringing its value; that afterwards a bill was filed to set aside the said sale on account of the facts herein set forth; that the said Johnson was a party respondent to said bill; that a decree was rendered setting the said sale aside for irregularity, to which the said Johnson consented, thereby showing that his illegal conduct was the cause of the same, and hence he became liable to pay the plaintiff his fees due upon the said sale.

To this original and amended declaration the defendants demurred, which demurrer was sustained by the court, and the plaintiff excepted.

The plaintiff insists that he had a sufficient cause of action to entitle him to recover in this suit. His right to do so, he rests upon the ground that after crying the property, it was bid off for H. T. Johnson, but before the completion of the sale by a payment of the money and the execution of a deed, an injunction was served upon him prohibiting him from receiving the money or making a deed. The sale of this property was therefore arrested before the same was complete, by an injunction which put

its restraining power both upon the sheriff (this plaintiff), and the bidder (this defendant), making them, as we understand, respondents to the bill, and taking charge of the whole subject matter.   It is further shown that upon the hearing of the bill the injunction was made perpetual.   If therefore that decree did not effectually put an end to the attempt at a sale of this property, we are at a loss to see how it could have been more thoroughly complete.

But it is said that Johnson consented to that decree, thereby showing that his illegal conduct was the cause of the failure to perfect the sale, and hence his liability to pay the plaintiff his fees.   It appears to us that the sheriff should have insisted upon his rights, if he had any, against Johnson, who was but a bidder at this attempted sale, at the hearing on the injunction and before the decree, for he certainly can have none under the facts set forth in this suit.   The demurrer was properly sustained.

Judgment affirmed.